## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

LARRY J. SYLVESTER                              CIVIL ACTION NO. 6:14-cv-3434
     LA. DOC #78014
VS.                                                        SECTION P

                                                 JUDGE HAIK

WARDEN SMITH                                     MAGISTRATE JUDGE HILL

### REPORT AND RECOMMENDATION

*Pro se* petitioner Larry J. Sylvester filed the instant hand-written petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 11, 2014.  Sylvester is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  Petitioner presumably attacks his 1973 conviction for murder entered by the Twenty-Seventh Judicial District Court for St. Landry Parish, for which petitioner was sentenced to serve life imprisonment.[1]

Because petitioner did not submit his petition on this Court's  proper form, on December 16, 2014, the undersigned ordered petitioner to do so; a copy of the form was provided to petitioner by the Clerk of this Court. [rec. doc. 5].  Petitioner sought and was granted an extension of time  until February 15, 2015 to comply with this Court's Order. [rec. docs. 7 and 8].  To date, petitioner has not complied with this Court's December 16, 2014 Order, nor has petitioner contacted this Court since his February 9, 2015 filing.

---

[1]*See State v. Sylvester,* 298 So.2d 807 (La. 1974);  *Larry J. Sylvester v. Richard Stalder*, No. 6:98-cv-1925 (W.D. La. 1998).

This court's records demonstrate that petitioner filed a previous federal petition for writ of *habeas corpus* in which he attacked this same conviction. *Larry J. Sylvester v. Richard Stalder*, No. 6:98-cv-1925 (W.D. La. 1998). This *habeas* petition was denied and dismissed with prejudice on February 22, 1999 because the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The United States Court of Appeals for the Fifth Circuit dismissed petitioner's appeal on February 9, 2000. *Sylvester v. Cain*, No. 99-30397 (5th Cir. 2/9/00). Petitioner's request for writ of certiorari was denied by the United States Supreme Court on October 2, 2000. *Sylvester v. Cain*, No. 99-9485, 531 U.S. 834, 121 S.Ct. 91 (2000)

## Law and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action on motion of the defendant "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." The district court also has the inherent authority to dismiss an action *sua sponte* for failure of a plaintiff to prosecute or to comply with any order of the court. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Petitioner has failed to comply with an Order directing him to submit his Petition on the proper form. This failure on his part warrants dismissal under Rule 41(b).

2

Moreover, this is Sylvester's second attempt to collaterally attack, in this Court, his Louisiana State court conviction for murder and the life sentence imposed by the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana, which was the subject of his previous federal *habeas* petition.  The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive".[2]

The petition attacks the same conviction and sentence that was the subject of Sylvester's previous petition.  The majority of the claims raised herein either were or could have been raised in the previous petition. Moreover, Sylvester's first petition was adjudicated on the merits.[3]

---

[2]The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing  Magwood v. Patterson*, 561 U.S. 320,  130 S.Ct. 2788,  2796 (2010).  Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797.  AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007).  The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood* , 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.').

The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner  received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it:  "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[3]Civil Action No. 6:98-1925 was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. § 2244(d).  Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See  Barrow v. Cain,* 2007 WL 1035023, *2 (W.D. La. 2007) *citing Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005), *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition

3

Before a second or successive petition may be considered by this Court, petitioner must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[4]  The record does not show in this case that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

---

"because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations . . . operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."), *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D. Tex. 2005), *United States v. Casas,* 2001 WL 1002511, at *2 (N.D. Ill. 2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals), *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA.") and *United States v. Harris*, 2002 WL 31859440, *3 (E.D. Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."); *Lee v. Cain,* 2007 WL 2446123 (W.D. La. 2007); *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D. La. 2007); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D. Cal. 2001) (stating that "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely).  *See also  Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) *citing United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.");  *Mathis v. Laird,* 457 F.2d 926, 927 (5th  Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th  Cir. 1999) (same).

[4] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should also be dismissed for lack of jurisdiction.[5]

For the above reasons,

**IT IS RECOMMENDED** that Larry J. Sylvester's petition for writ of *habeas corpus* be **DISMISSED** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure and for lack of jurisdiction as a second and successive petition for writ of *habeas corpus* filed without proper authorization from the Fifth Circuit.

---

[5]Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton*, - - F.3d - - , 2015 WL 1208061, *2 (5th Cir. 3/16/2015) *citing In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam).  To the contrary, a district court may dispose of a petition lacking authorization through dismissal.  *Fulton*, - - F.3d - - , 2015 WL 1208061, at *2 *citing United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  In this case, petitioner has never complied with this Court's Order requiring him to submit his claims on the proper form, and given that he has not communicated with this Court since February 9, 2015, it appears likely that he is no longer interested in pursuing his claims.  Furthermore, given that petitioner challenges his 1973 conviction, and neither *Martinez v. Ryan,* - - U.S. - - , 132 S.Ct. 1309 (2012) nor *Trevino v. Thaler*, - - U.S. - - , 133 S.Ct. 1911 (2013)  applies retroactively to cases on collateral review (*see In re Paredes,* 587 Fed. Appx. 805 (5th Cir. 2014); *United States v. Guillory,* 2013 WL 4782211, *7 (W.D. La. 2013) *citing Riverea v. United States,* 2012 WL 6553600, *1-2 (E.D. N.Y. 2012); *Suggs v. Cain*, 2015 WL 1525942, *7 fn. 35 (E.D. La. 2015)),  it appears that the instant petition most probably is also be barred by the one year limitation period set forth at 28 U.S.C. § 2244(d).  Accordingly, under these circumstances, it would serve no purpose for this court to transfer this petition to the Fifth Circuit for additional review.  Therefore, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Lafayette, Louisiana on April 27, 2015.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

6